IN THE CIRCUIT COURT OF JEFFERSON COUNTY

JEFFERY L. EDWARDS;  PLAINTIFFS
ANTHONY STOKES

VS.   NO. CV 2012-618-2

MONTY WHATLEY AND UNION   DEFENDANTS
PACIFIC RAILROAD

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Come now Defendants Union Pacific Railroad Company and Monty Whatley by and through their counsel, Friday, Eldredge & Clark, LLP, and for their Response to Plaintiffs' Motion to Compel, states as follows:

1. Plaintiffs are seeking an order compelling responses to unidentified requests from their written to discovery to Defendants.

2. Defendants cannot effectively respond to the Motion as it does not identify any particular response or objection that is deficient. Plaintiffs' motion should be denied on this basis alone.

3. Plaintiffs' counsel's attempt to resolve the dispute and Defendants' counsel's response are attached hereto as Exhibit 1. Specifically on October 15, 2015, Plaintiffs' counsel asked, "I need you to supplement on the comparator information I am seeking. Do you plan to do so?" Defendants' counsel attempted to clarify the request and agreed to ask the client for information to supplement the request as understood. Defendants have since gathered and produced the requested information.

FILED
NOV 4 2015
LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

4. Plaintiffs' Motion also references their entitlement to know facts surrounding affirmative defenses. Plaintiffs' counsel's good faith correspondence did not reference any deficiency to Defendants' responses or objections to any request related to the affirmative defenses. (Exhibit 1) Defendants' answer to the amended complaint contains no affirmative defenses labeled as such. See Defendants' Answer to Amended Complaint, attached as Exhibit 2. Defendants alleged that Plaintiffs failed to exhaust their administrative remedies, which is a defense held over from Plaintiffs' federal Title VII claims. Defendants alleged that Plaintiffs' claims are barred by the statute of limitations, which is explained in detail in Defendants' Motion for Summary Judgment as to Anthony Stokes. Defendants alleged that Plaintiffs failed to state claim and that Defendants would have made the same decision regardless of the Plaintiffs' race, purported disability, or protected activity. These defenses all speak for themselves, and of course, Defendants believe every fact in the case supports their defenses.

5. In Paragraphs 4 and 5, Plaintiffs' Motion also references production of personnel files. Plaintiffs' discovery requests, however, do not ask for the personnel files of comparators identified in Interrogatory No. 15.

6. Defendants submit that this motion is premature in light of the fact Defendants have not communicated a final decision to Plaintiffs regarding any of the requested information. To the contrary, Defendants have now gathered and produced the requested information, which moots the motion.

7. Plaintiffs' Motion states that the Motion to Compel is necessary because it does not appear the discovery issue will be resolved before the response to the Motion for Summary

Judgment is due. If a party needs additional discovery to present facts essential to his opposition in response to a Motion for Summary Judgment, the correct remedy for that is a request under Ark. R. Civ. P. 56(f) and not a motion to compel. Plaintiffs have made a separate motion for continuance or stay, and Defendants will respond to that separately. Further, the dispute has resolved before the response is due as the information has been produced.

8. Arkansas Rule of Civil Procedure 37(a)(4)(B) authorizes the court to award reasonable expenses, including attorneys' fees, to a party opposing a motion if the motion is denied. Defendants request such an award in this case as the motion was unjustified as Defendants had not refused to produce any requested information. Plaintiffs' stated purpose for filing the Motion was not that Defendants had refused to produce any discovery but to delay responding to the Motion for Summary Judgment, which is a remedy they have sought in another motion.

WHEREFORE, Defendants Union Pacific Railroad Company and Monty Whatley pray that this Court deny Plaintiffs' Motion to Compel, and award Defendants all of their reasonable attorneys' fees and costs, and for all other appropriate relief to which they are entitled.

Respectfully submitted,

H. Wayne Young, Jr., (AR2003128)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
501-370-1402 - Telephone
501-244-5305 - Facsimile
wyoung@fec.net – Email

By: _____
     H. Wayne Young, Jr.

*Attorneys for Union Pacific Railroad and Monty Whatley*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, I served the foregoing via First Class U.S. Mail to the following:

Lucien Gillham
SUTTER & GILLHAM, P.L.L.C.
310 W. Conway Street
P.O. Box 2012
Benton, Arkansas 72018

By: _____
     H. Wayne Young, Jr.

4

# H. Wayne Young

**From:** luther.sutterlaw@gmail.com
**Sent:** Thursday, October 15, 2015 12:53 PM
**To:** H. Wayne Young
**Cc:** gtucker.sglaw@gmail.com
**Subject:** Re: Stokes Edwards

I want three years prior for all of Arkansas.

Sent from my iPhone

> On Oct 15, 2015, at 12:43 PM, H. Wayne Young <WYoung@fridayfirm.com> wrote:
>
> Luther,
> I believe we can work something out, but I want to make sure I understand what you are asking for.
> In response to Interrogatory 15 in plaintiffs' second set of discovery, we produced a report of violations of Rule 1.5 from the date of Stokes' incident forward through August 15, 2014 from the North Little Rock Service Unit.
> Are you asking me for similar information going backwards 3 years?
> I will agree to ask the client if they can pull such a report.
>
> That is the only request I see in the discovery for comparator information.
> If I am missing one, please advise, and I will try to work something out.
>
> Thank you,
>
> H. WAYNE YOUNG | ATTORNEY
>
> WYoung@fridayfirm.com | Direct: (501) 370-1402 | Fax (501) 244-5305
> 400 West Capitol Avenue, Suite 2000
> Little Rock, Arkansas 72201-3522 | www.FridayFirm.com
>
> This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1402 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.
>
>
> -----Original Message-----
> From: luther.sutterlaw@gmail.com [mailto:luther.sutterlaw@gmail.com]
> Sent: Thursday, October 15, 2015 12:33 PM
> To: H. Wayne Young
> Cc: gtucker.sglaw@gmail.com
> Subject: Stokes Edwards
>

**EXHIBIT 1**

1

> I need you to supplement on the comparator information I am seeking. Do you plan to do so?
>
> Sent from my iPhone
>
>

2