IN THE UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEFFERY L. EDWARDS;
                                                                                        PLAINTIFFS

VS.   CASE NO: 4:16-CV-0002-KGB

MONTY WHATLEY and
UNION PACIFIC RAILROAD                                       DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO EXTEND TIME AND MOTION TO COMPEL**

Comes the Plaintiff, by and through counsel, and for this Brief states:

Defendant refuses to provide a witness for the remaining topics because individual depositions have allegedly addressed these topics. However, this is not consistent with the law, as discussed in the accompanying Brief. Federal Rule of Civil Procedure 30(b)(6) provides:

[A] party may name as the deponent a public or private corporation. . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .The persons designated must testify about information known or reasonably available to the organization.

Fed.R.Civ.P. 30(b)(6). A corporation must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters. Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (citations and quotations omitted)). As explained in Elan Microelectronics Corp. v. Pixcir Microelectronics Co., Ltd., Case No. 2:10-cv-00014, 2013 U.S. Dist. LEXIS 114164, 2013 WL 4101811, at *1 (D. Nev. 2013):

The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved. The duty to produce a prepared witness on designated topics extends to matters not only within the personal knowledge of the witness but on matters reasonably known by the responding party. By its very

nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity. (citations and quotations omitted).

2013 U.S. Dist. LEXIS 114164, [WL] at *5. Further, the fact that an organization no longer has a person with knowledge on the designated topics does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee. United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd, 166 F.R.D. 367 (1996). Thus, a corporation must prepare its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. Id. citing Ierardi v. Lorillard, Inc., No. 90-7049, 1991 U.S. Dist. LEXIS 11320, 1991 WL 158911, at *1 (E.D. Pa. Aug. 13, 1991).  In Provide Commerce, Inc. v. Preferred Commerce, Inc., No. 07-80185 Civ, 2008 U.S. Dist. LEXIS 9563, 2008 WL 360588, at *3 (S.D. Fla. Feb. 8, 2008) (Ryskamp, J.), the plaintiff had twice deposed the defendant corporation's president in his individual capacity; it then sought to depose the corporation's 30(b)(6) representative. The defendant corporation designated its president as its representative, but refused to produce him for deposition.  It then moved for a protective order on the following grounds: its president had already been deposed and, therefore, his testimony would be repetitive; his prior depositions could serve as his 30(b)(6) testimony; and the cost of attending a second deposition would be burdensome. According to the defendant, its president had essentially already given a Rule 30(b)(6) deposition as he had testified about the same subject matters identified in the plaintiff's 30(b)(6) notice. After explaining the differences between an individual's deposition under Rule 30(b)(1) and a corporate representative's deposition under Rule 30(b)(6), the Preferred Court stated:

Although [the corporate president's] testimony may be similar under the law, a corporate entity is distinct from the individuals who control or manage the corporation. Although the limitations on multiple depositions of the same person apply to Rule 30(b)(6) motions, this Court did not find any case law that barred a second deposition of an individual who was first deposed in his individual capacity and then called to testify a second time on behalf of the corporation. [The president] has only testified as an individual and not on behalf of the corporation.

Id. Accordingly, the court denied the defendant's motion for protective order and ruled that the

plaintiff was entitled to take the corporate representative's Rule 30(b)(6) deposition. See also LendingTree, Inc. v. LowerMyBills, Inc., No. 3:05CV153-C, 2006 U.S. Dist. LEXIS 59589, at *3-6, 9 (W.D.N.C. Aug. 22, 2006) (granting motion to compel Rule 30(b)(6) deposition even though 30(b)(6) designee had previously testified in his individual capacity on topics similar to those identified in the 30(b)(6) notice); Smith v. General Mills, No. C2 04-705, 2006 U.S. Dist. LEXIS 19093, at *15 (S.D. Ohio Apr. 13, 2006) ("Courts have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition."); Commodities Futures Trading Comm'n v. Midland Rare Coin Exchange, Inc., No. 97-7422, 1999 U.S. Dist. LEXIS 16939, at *9-10 (S.D. Fla. Aug. 4, 1999) (Johnson, Mag. J.) (ruling that party could depose witness in his individual capacity for six-hours and also depose the same witness as Rule 30(b)(6) corporate representative for an additional six hours as "the depositions serve distinct purposes, impose different obligations . . . and involve different ramifications.").  Here, the witnesses were not obligated to prepare, and there has been no showing that there testimony is appropriate to bind the corporation.  Thus, Plaintiff moves for an Order compelling a properly prepared corporate representative and for an Order extending discovery.

      WHEREFORE Plaintiff prays for an Order granting this Motion and for all other proper relief.

                              Respectfully submitted,

                              SUTTER & GILLHAM, P.L.L.C.
                              Attorneys at Law
                              P.O. Box 2012
                              Benton, AR 72018
                              501-315-1910  Office
                              501-315-1916  Facsimile
                              Attorney for the Plaintiff

                By:    */s/ Luther Oneal Sutter*
                              Luther Oneal Sutter, AR Bar No. 95031
                              luthersutter.law@gmail.com

**CERTIFICATE OF SERVICE**

  I, Luther Oneal Sutter, do hereby certify that a true and correct copy of the foregoing has been provided all counsel of record via ECF notification, on this 18th day of September, 2017.

Wayne Young

         By: /s/ Luther Oneal Sutter
            Luther Oneal Sutter, ABA 95031
            luthersutter@yahoo.com