IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEFFERY L. EDWARDS                                                              PLAINTIFF

VS.                                      NO. 4:16-CV-002-KGB

MONTY WHATLEY AND                                                          DEFENDANTS
UNION PACIFIC RAILROAD

## DEFENDANTS' SUPPLEMENTAL BRIEFING

**I.  Introduction**

The Court invited the parties to provide supplemental briefing on the effect in this matter of the Railway Labor Act and the National Railroad Adjustment Board's arbitration decision against Edwards.  UPRR's position is that the RLA and the arbitration award require dismissal of Edwards' claims.  The RLA preempts Edwards' state law claim as he has pled and argued it in such a way as to base the claim on interpretation of the CBA.  This issue requires an interpretation of the rules within the applicable CBA (i.e. a "minor dispute"), which is the exclusive province of the RLA arbitration process.  The discrete factual issue that Edwards relies on has also been fully and fairly litigated in arbitration to a conclusion in UPRR's favor, thus precluding him from litigating in this matter.

**II.  Discussion**

Edwards alleges that Defendants discriminated against him on account of his race and retaliated against him no account of his protected activity in violation of the Arkansas Civil Rights Act.  Defendants maintain UPRR discharged Edwards because he was absent without leave (AWOL) in violation of the applicable CBA.  Defendants filed a motion for summary judgment due to the lack of necessary proof for the claims to proceed to trial.  Edwards' sole

argument in response hinged on one point – that he was not in fact AWOL under the CBA due to his purported contact with the carrier.  This was the only proffered evidence of alleged discrimination, namely that UPRR and Whatley were just factually wrong about his AWOL status.  Edwards points to no similarly situated comparators that were treated more favorably.  In fact, he distinguishes himself from the comparators Defendants identified on the same basis - that he was not actually AWOL and these individuals were.  Therefore, Edwards' entire ACRA case is premised on his argument he was not AWOL in violation of the CBA.

This issue, however, is a "minor dispute" as it involves interpretation of the applicable CBA.  *Taggart v. Trans World Airlines*, 40 F.3d 269, 272 (8th Cir. 1992) ("minor disputes grow out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a.).  It is also a "minor dispute" that has already been fully litigated against Edwards. (Labor Award, attached to Motion as Exhibit 5).  In order for this Court to determine the merit to Edwards' claim that he had sufficient contact with the carrier to not be AWOL under the CBA, the Court would necessarily have to examine and interpret the agreement.

While claims generally under the ACRA may not be preempted by the RLA as a matter of rule, Edwards has pled and argued his claim in such a way that it is based entirely on an issue that is preempted – the interpretation of the CBA as to whether Edwards had sufficient contact with the carrier to not be AWOL.  "Preemption occurs if the claims are 'inextricably intertwined with consideration of the terms of the labor contract' so as to require interpretation of the CBA."  *Bloemer v. Northwest Airlines, Inc.*, 401 F.3d 935 (8th Cir. 2005) (citations omitted).   Edwards has argued his claim in such a way that is inextricably intertwined with interpretation of the

CBA. It would be impossible for the Court to evaluate Edwards' claim – which is based on his argument he was not AWOL – without interpreting the CBA.

> The RLA requires parties to arbitrate "minor" disputes. See 45 U.S.C. § 184; see also *Gore v. Trans World Airlines*, 210 F.3d 944, 949 (8th Cir.2000). Minor disputes are those "arising out of the application or interpretation of the collective bargaining agreement, and therefore, complete preemption applies to disputes involving duties and rights created or defined by the collective bargaining agreement." *Gore*, 210 F.3d at 949. There is a presumption that disputes are minor and thus arbitrable.

*Bloemer*, 401 F.3d at 938-39. A "plaintiff's claims are minor disputes if they depend not only on a right found in the CBAs, but also if they implicate practices, procedures, implied authority, or codes of conduct that are part of the working relationship." *Fry v. Airline Pilots Ass'n, Int'l*, 88 F.3d 831, 836 (10th Cir. 1996); *Ninger v. El Al Israel Airlines, Inc.*, 2000 WL 5577327 (S.D.N.Y. 2000) (explaining that according to the Supreme Court the "scope of a CBA often goes beyond the explicit terms of the contract and includes "implied terms" arising from "practice, usage and custom."). "If a dispute is determined to be 'minor,' the RLA arbitration provisions are mandatory and preempt state court remedies." *Id.* (citing *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322-23, 32 L. Ed. 2d 95, 92 S. Ct. 1562 (1972)). A court lacks jurisdiction over claims *whose basis* requires interpretation and application of a CBA and are thus subject to mandatory arbitration under the RLA. *Brisbois v. Soo Line R.R. Co.*, 2015 WL 5009048 (D. Minn. 2015).

Thus while the RLA may not preempt claims under the ACRA generally, Edwards' particular claim under the ACRA is preempted because he has pled and argued it in such a way as to rely on the improper re-litigation of a "minor dispute." The basis of Edwards' particular

ACRA claim relies on the interpretation and application of the CBA.  It is therefore preempted by the RLA.

The appropriate remedy for a preempted claim is dismissal.  *See Evermann v. BNSF Ry.*, 608 F.3d 364 (8th Cir. 2010) (affirming trial court's order granting motion to dismiss).  As Edwards' claim under the ACRA is preempted based on his exclusive reliance on evidence concerning an underlying "minor dispute," it should be dismissed.

Not only is Edwards' claim premised on a "minor dispute," but this particular "minor dispute" has already been fully and fairly arbitrated to a conclusion in UPRR's favor, which is another basis for the dismissal of his ACRA claim.  Even if the RLA does not preempt Edwards' claims, general concepts of estoppel prevent him from relitigating material factual issues underlying those claims.

Generally, a party is precluded or estopped from litigating the same issue twice.  The doctrine of collateral estoppel precludes the re-litigation of factual issues actually litigated and determined in a prior suit. *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981). For the doctrine of collateral estoppel or issue preclusion to apply, five elements must be met: (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2)  the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must essential to the prior judgment. *Postley v. Hous. Auth. of Hot Springs*, 2017 U.S. Dist. LEXIS 214150, *3-4 (W.D. Ark. 2017).

Edwards, through his union, litigated the issue of whether he was AWOL under the applicable CBA.  The adjustment board determined that he was in fact AWOL.  (Labor Award)

That is the same issue that Edwards is seeking to litigate here as evidence of discrimination or retaliation.  As that issue has been litigated in UPRR's favor, however, Edwards is estopped from relying on a contrary finding here to establish a claim under the ACRA.  All of the elements are satisfied.  Edwards was a party to the labor arbitration, the issue is the same (whether he was AWOL under the terms of the CBA), the issue was actually litigated, it was determined by a valid and binding judgment, and the issue was essential to that judgment.  Moreover, the adjustment board had the exclusive jurisdiction to litigate this issue in the first place.

Edwards' summary judgment response ignores the adjustment board finding entirely. Specifically, he does not dispute the legitimacy, finality, scope or effect of the award.  As Edwards is estopped from re-litigating whether he was in fact AWOL under the CBA, he cannot rely on that as purported evidence of Defendants' discriminator or retaliatory intent.  As Edwards proffered no other evidence of such intent, Defendants' motion for summary judgment should be granted.

Respectfully submitted,

H. Wayne Young, Jr., (AR2003128)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
501-370-1402 – Telephone
501-244-5305 – Facsimile
wyoung@fec.net – Email

By: */s/ H. Wayne Young, Jr.*
     H. Wayne Young, Jr.

*Attorneys for Union Pacific Railroad & Monty Whatley*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

SUTTER & GILLHAM, P.L.L.C.
Luther Sutter
310 W. Conway Street
P.O. Box 2012
Benton, Arkansas 72018
luther.sutterlaw@gmail.com

                                                             */s/ H. Wayne Young, Jr.*
                                                               H. Wayne Young, Jr.